IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NUMBER: 2:25-CR-00362-RMG |
| | ) | |
| -versus- | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| JEROME SYDNEY HEYWARD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On February 28, 2025, Jerome Sydney Heyward (Heyward) submitted to the jurisdiction of this Court by entering a plea of Guilty to an Information which had been filed on February 25, 2025. By doing so, Heyward formally accepted his responsibility for his breach of public trust as described in the fourteen (14) counts of the Information.

In the months prior to his guilty plea, Heyward initiated his commitment to reformation by engaging in substantial cooperation with employees of the United States Department of Justice. His assistance resulted in the government's ability to convict several individuals of criminal violations stemming from their engagement in public corruption.

Heyward, who turns 63 years old shortly before his sentencing, has no prior criminal record. Born in New York City, Heyward moved as a child to his parents' homeland in the Charleston area. He received his education in the public schools of Charleston County, and upon graduation from Baptist Hill High School, he joined the Charleston City Police Cadet Program. Upon turning 21

1

years old, he became a patrol officer thereafter rising to the rank of Private First Class. He spent the majority of his tenure patrolling districts in West Ashley and downtown Charleston. Enjoying a favorable reputation, he was recruited by Sheriff Al Cannon to be a Road Deputy in the newly merged Charleston County Police Department/Sheriff's Office. Heyward was a well-liked, productive Deputy with years of high accomplishments in various patrol assignments throughout the County as well as a Security Supervisor in the Court of General Sessions.

While employed as a law enforcement officer, Heyward's entrepreneurial ambitions led to the operations of several businesses. Perhaps the most successful was a tire repair shop/car wash business on Savannah Highway. It was known among community members as "a poor man's Gerald's Tires." Excellent customer service with reasonable prices was his calling card. It was often a community gathering spot where local politicians casually met on Saturdays to enjoy the camaraderie while having their autos cleaned. Those gatherings sparked an interest for Heyward to go into the lobbying business. Heyward's engaging personality led to a successful consulting/ lobbying business (local, state and federal) for over twenty (20) years.

Heyward's lobbying business exposed him to an insider's view of politics, and after several attempts seeking elective offices, he finally won a seat on the North Charleston City Council. Heyward enjoyed a good reputation for constituent service and was known as a persuasive voice for his advocating for a variety of City initiatives.

During his second term on Council, Heyward lost his way. His focus changed. Instead of undertaking what was in the exclusive best interest of his constituents, he engaged in more self interest behavior. In a political environment that was well-known for blurring lines between public and self interest, Heyward sought to erase them.

Heyward lacked criminal sophistication, and his misconduct was quickly uncovered. His life has since focused on reformation.

When determining an appropriate sentence, the American criminal justice system has historically emphasized:

(1)     adequate punishment to reflect the seriousness of the offense;

(2)     the need to deter the defendant and others from engaging in criminal conduct; and

(3)     addressing the needs of the defendant to rehabilitate.

The United States Sentencing Guidelines, first imposed in the 1980's, have since provided a uniform tool for the Court to employ, along with the mandates 18 U.S.C. §3553, to find an appropriate sentence to meet the historic goals of punishment, rehabilitation, and deterrence.

In line with Heyward's acceptance of responsibility, he does not challenge the Pre-Sentence Investigation Report's recommended placement within the Guidelines range as a just beginning to an appropriate sentence. However, beyond the Guidelines, Heyward advances consideration of 18 U.S.C. §3553 factors in the following respect.

Heyward, when challenged, immediately acknowledged the totality of his wrongdoing and accepted personal responsibility for the choices he made. To better understand the reason for his choices, he promptly undertook psychiatric analysis which led to diagnosis of chronic depressions that no doubt contributed to his misguided decisions. For the past sixteen (16) months, Heyward has maintained an active relationship with his medical team who provides individual therapy and monitors his use of what has proved to be very effective medication.

Under pre-trial supervision since February of 2025, Heyward has had no negative missteps with law enforcement. Heyward's Probation Officer will attest that his behavior has been exemplary.

Punishment comes in many forms, and for Heyward, punishment was initiated sixteen (16) months ago and is ongoing. As evidenced in his letter to the Court, non-incarcerated punishment has already been experienced by his limitation of loss of physical freedom, loss of freedom of choice, public humiliation, family embarrassment, loss of income, financial bankruptcy, loss of reputation, and loss of opportunity.

In acknowledgment of the circumstances and seriousness of the offense, Heyward recognizes that a period of incarceration may be necessary to provide just punishment. Perhaps the Court's greatest challenge will be determining, if incarceration is necessary, what period of incarceration is sufficient but not greater than necessary to deter other similarly situated persons who might consider in engaging in similar conduct.

Incarceration, however, is not the only instrument available to the Court to deter future criminal conduct. Strict community confinement and/or supervision with specific court imposed restrictions may prove adequate for a just sentence.

For the reasons stated above, the evidence presented at this sentencing hearing, and the arguments of his counsel, Heyward respectfully requests a sentence not greater than necessary to

comply with the statutory purposes of an adequate sentence:  a period of incarceration of one year

and a day followed by five years of supervised release.

Respectfully submitted,

SAVAGE LAW FIRM
15 Prioleau Street
Charleston, SC  29401
Telephone:  (843) 720-7470


BY:   *S/Andrew J. Savage, III*
Andrew J. Savage, III
Federal ID Number:  3734
Email: andy@savlaw.com

V. Joseph Cannarella
Federal ID Number: 13464
Email: jcannarella@savlaw.com

ATTORNEYS FOR DEFENDANT


Charleston, South Carolina

June 23, 2026